# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 22-23860-CIV-SCOLA/GOODMAN

AVERY PROPERTIES LLC,

      Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE

In this breach of contract case, Defendant Scottsdale Insurance Company filed a motion to strike from Plaintiff Avery Properties LLC's Amended Complaint any references to Plaintiff's payments of insurance premiums. [ECF No. 14]. Plaintiff filed a response [ECF No. 16] and Defendant did not file an optional reply.

United States District Judge Robert N. Scola referred Defendant's motion to the Undersigned "to be heard and determined, consistent with 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Magistrate Judge Rules." [ECF No. 15].

For the reasons discussed below, the Undersigned **denies** Defendant's Motion to Strike.

According to the Amended Complaint, Plaintiff entered into an insurance contract with Defendant and, while the policy was in effect, Plaintiff suffered damage from Hurricane Irma. [ECF No. 11]. Plaintiff accuses Defendant of breaching the policy by failing to extend coverage for the loss and failing to provide payment for Plaintiff's damages stemming from Hurricane Irma. *Id.*

Defendant contends that the Amended Complaint contains "irrelevant [and] inadmissible" "evidence." [ECF No. 14]. Specifically, Defendant seeks to strike from the Amended Complaint any mention of Plaintiff's payment of insurance premiums. References to the insurance premiums can be found in three separate paragraphs:

5. At all times material hereto, **in consideration of a premium paid by the Insured**, there was in full force and effect a certain insurance policy issued by Defendant with policy number CPS2687516 (the "Policy"), property located at 3105 NW 7th Street, Miami, FL 33125 (the "Property"), against certain losses. The Insured, after diligent search, multiple requests from Defendant, and expending all efforts to locate a certified copy of the Policy have [sic] been unable to do so. The Insured is not in possession of a copy of the Policy sued upon herein and is therefore unable to attach a copy of the Policy that forms the basis of this Complaint. However, the Insured hereby incorporates by reference the Policy pursuant to Florida Rule of Civil Procedure 1.350(a). A certified copy of the Policy will be obtained via Discovery;

\*\*\*

16. It is undisputed that the Insured and Defendant entered into a written contract, the aforementioned Policy, **wherein the Insured agreed to pay a premium** and Defendant agreed to provide coverage for certain losses which occurred at the Insured's Property; and

17. **The Insured paid all premiums due and owing as contemplated by the Policy, thus fully performing its obligations under the Policy.**

[ECF No. 11, ¶¶ 5, 16-17 (emphasis added)].

The Court, either on its own or on a motion made by a party, is permitted to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(1)-(2). "'A motion to strike is a drastic remedy[,]' which is disfavored by the courts." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)) (alterations in original). A motion to strike should be denied "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Bank of Am., N.A. v. GREC Homes IX, LLC*, No. 13-21718, 2014 WL 351962, at *4 (S.D. Fla. Jan. 23, 2014) (internal quotations and citations omitted).

Defendant argues that the provisions of the Amended Complaint concerning premiums should be struck because "[t]he number of years an insured has paid premiums is irrelevant and asking a jury to call [the] insurer to account for failing to pay despite [the] insureds' payment of premiums is clearly prejudicial." As support for its contention Defendant cites to two cases: *State Farm Mut. Auto. Ins. Co. v. Revuelta*, 901 So. 2d 377 (Fla. 3d DCA 2005) and *Homeowner's Choice Prop. and Cas. Ins. Co., Inc. v Kuwas*, 251 So. 3d 181, 186 (Fla. 4th DCA 2018). Both of these cases, however, address only the impermissibility of certain arguments made to a jury.

In *Revuelta*, the court held that it was improper for the plaintiff's attorney to argue to the jury that the plaintiff had been paying his premium for twenty years and to "call [Defendant] to account for those responsibilities that [it] undertook under [its] policy. 901 So. 2d at 378. Likewise, in *Kuwas*, the court held that it was improper for the plaintiff's attorney to repeatedly emphasize to the jury the number of years which the plaintiff had been paying his insurance premiums. 251 So. 3d 181, 186.

Plaintiff argues in its response that the references to payments of policy premiums for the policy periods at issue are "paramount to the breach of contract claim as it demonstrates that Plaintiffs [sic] held up its end of the bargain." [ECF No. 16]. Plaintiff also notes that none of Defendant's cases involve striking allegations from a complaint. And, even if Defendant's cases were applicable to a motion to strike, Plaintiff argues that its allegations -- none of which include a reference to the *amount of time* which Plaintiff has been making payments -- run afoul of either the *Kuwas* or *Revuelta* decision.

Allegations within a complaint are not evidence. *Coachman v. Owens*, No. 119CV04473LMMWEJ, 2021 WL 2483772, at *3 (N.D. Ga. Mar. 2, 2021), report and recommendation adopted, No. 1:19-CV-4473-LMM, 2021 WL 2483769 (N.D. Ga. Apr. 5, 2021) ("[A] [c]omplaint is not evidence[.]"). Here, "[i]t would appear that [Defendant has] put the proverbial cart before the horse. To the extent that [Defendant has] meritorious [legal arguments] to assert, [its] Motion to Strike is not the proper avenue to attempt to do so." *Lighter v. AIG Prop. Cas. Co.*, No. 16-CIV-60898, 2016 WL 3671869, at *2 (S.D. Fla.

July 11, 2016). If Defendant contends that this type of evidence is inadmissible, then it should file a motion in *limine*.

At bottom, Defendant has not demonstrated that the references to payment of the policy premiums are scandalous, redundant, or otherwise have zero relevancy to a breach of contract action in which Plaintiff would not be entitled to recovery if Defendant were able to establish that Plaintiff had not paid the required premiums. Moreover, Defendant has not provided any legal authority supporting its expanded position that no reference to an insured's payment of a policy premium is admissible in a breach of contract action.

For these reasons, the Undersigned **denies** Defendant's motion.

**DONE AN ORDERED**, in Chambers, in Miami, Florida, on February 14, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola
All counsel of record

5